

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 16, 1939

Hon. M. F. Kiepe
County Attorney
Lee County
Giddings, Texas

Dear Sir:

Opinion No. O-292
Re: Is the Assessor Collector of
taxes for Lee County entitled
to retain a maximum of $4,800.00
as his fees of office, out of
taxes collected by him during
the year 1938, if the office
earns sufficient fees out of
that amount?

Your request for an opinion on the above stated question has been received by this office.

Article 3901-1 reads as follows:

"Section 1. In all counties having a
population of not less than thirteen thou-
sand, three hundred and fifty (13,350) and
not more than thirteen thousand, four hun-
dred and forty (13,440), according to the
most recent available Federal Census and
each available Federal Census thereafter,
the Assessors-Collectors of Taxes of such
counties shall be entitled to receive the
fees of office earned by their offices in
accordance with the provisions of the Maxi-
mum Fee Bill; provided, however, that in
such counties the maximum amount of fees
which may be retained by such officer, in-
cluding all excess fees, shall be Four
Thousand Dollars ($4,000), provided such
office earns sufficient fees to pay this
amount.

"Section 2. Each Assessor-Collector
of taxes earning fees in excess of Four Thousand

Dollars ($4,000) shall make disposition
of such excess in accordance with the
provisions of the Maximum Fee Bill.  All
Assessors-Collectors in counties hereby
affected shall be entitled to deputies
and assistants in the manner authorized
in the Maximum Fee Bill."

Article 3901-1, supra, by its terms provides
that in all counties having population of not less than
13,350 and not more than 13,440, according to the most
recent available Federal census and each available Fed-
eral census thereafter, the assessor-collector of taxes
in such counties may retain a maximum of $4,000.00 if
the office earns sufficient fees to pay that amount.
The population of Lee County is 13,390, thus falling
within the terms of this article.  Lee County is the
only county in the State which, according to the last
census, has a population within the limits specified in
the act.

Section 56, Article 3 of the State Constitution
provides, in part, as follows:

"The Legislature shall not, except as
otherwise provided in this Constitution,
pass any local or special laws, authorizing
....regulating the affairs of counties, cities,
towns, wards or school districts;....and in
all other cases where a general law can be
made applicable, no local or special law shall
be enacted; provided, that nothing herein
contained shall be construed to prohibit the
Legislature from passing special laws for the
preservation of game and fish of this State
in certain localities."

In the case, Gray vs. Taylor, 227 U. S. 51, the
Supreme Court of the United States defined a local law as:

"The phrase 'local law' means primarily,
at least, a law in fact, if not in form, is
directed only to a specific spot."

The case, City of Fort Worth vs. Bobbitt, 36
SW (2nd) 470, holds among other things, that:

"An act applicable to counties having

a population of from 55,190 to 35,200 was
evasive and special, citing Hixson vs.
Burson, 54 Ohio State 470; Owen County Com-
missioners vs. Spangler, 159 Ind. 575, and
that an act authorizing bonds by cities hav-
ing between 106,000 and 110,000 inhabitants
by 1920 census being applicable only to one
city held local law within constitutional
provision." Constitution Article 3, Section
56.

The case, Bexar County vs. Tyman, et al, 97
SW (2nd) 567, holds in effect, that:

"Courts in determining whether law is
public, general, special or local will look
to its substance and practical operation
rather than to its title, form, phraseology
since otherwise prohibition and fundamental
law against special legislation would be
nugatory. The Legislature may classify
counties on basis of population for purpose
of fixing compensation of county and precinct
officers but classification must be based
on real distinction and must not be arbitrar-
ily devised to give what is, in substance, a
local or special law the form of general law.
Acts reducing salaries of officers in coun-
ties of 290,000 and less than 310,000 population
held unreasonable and arbitrary in its classi-
fication and void as a special law."

We believe that whether the act in question is
to be regarded as special and whether its operation is
uniform throughout the State depends upon whether popula-
tion affords a fair basis for the classification of coun-
ties with reference to matters to which it relates and
whether the result it accomplishes is in fact a real
classification upon that basis and not a designation of
a single county to which alone it shall apply under the
guise of such classification. The law in question was
so drawn that it is general in form but only applied at
the time it went into effect to Lee County and probably
could never apply to another county. We think that a

county can be designated by description just as effec-
tively as it can be named and that the application of
this act is so inflexibly fixed as to prevent it ever
being applicable to other counties.

Article 3883 provides, in general, that coun-
ties containing 25,000 or less inhabitants that the fees
to be retained by the tax assessor-collector, tax assess-
or or tax collector shall be $2,400.00 except as other-
wise provided in this act.

In view of the foregoing authorities, you are
respectfully advised that it is the opinion of this De-
partment that Article 3901-1 is a special law and, there-
fore, is unconstitutional and void and that the assessor-
collector of taxes for Lee County would not be entitled
to retain a maximum of $4,000.00 as his fees of office
for the year of 1938, but that the amount of fees to be
retained by such officer would be governed by the general
fee law of this State.

Trusting that the foregoing answers your in-
quiry, we remain

                              Very truly yours

                              ATTORNEY GENERAL OF TEXAS

                              By

                                   Ardell Williams
                                   Assistant

AW:AW

APPROVED:


ATTORNEY GENERAL OF TEXAS